Manly, J.
 

 This case seems to have been brought into this Court, under a double misapprehension: first, as to the analogy between it and a case in equity, and secondly, as to the rule in equity, for removing cases to this Court.
 

 The case, after judgment below, has been sent here
 
 by eon-sent.
 
 This cannot be done. If it were a case in equity, a removal by consent, after a decree below, for the purpose of revising that decree, would be inadmissible. An appeal is the remedy.
 

 Our jurisdiction in law cases, is entirely appellate, and with respect to a case like the one before us, the propriety of the judgment in the Superior Court, would be tested by a consideration of the evidence before that Court alone. We haven©' means of knowing what that evidence was. No case is sent up by the Court, and inasmuch as it was consented that petitioner might file affidavits, until the first of January, 1861, we are unable to say which affidavits were filed before, and which after the judgment below. But independently of this difficulty, we consider the mode itself, by which the case has been brought into the Court irregular, and this forbids our taking jurisdiction of it. A case at law, cannot be sent here by consent, before judgment, nor after judgment.
 

 In the latter case (after judgment) it is brought up by appeal, or by procedings in the nature of an appeal. The statute, giving law jurisdiction to this Court, Rev. Code, ch. 33, sec. 6, uses the language, “all questions of law brought before it by appeal or
 
 otherwise
 
 from the superior court.” The word, otherwise, in this connection, has been practically held to mean nothing more than proceedings in the nature of an appeal,, such as a “
 
 certiorari”
 

 
 *136
 
 No instance is'fcnown,;,as I am1 informed, *oF -a'base brought ’here in any other-way.
 

 To hold that questions could'be brought up'by ’the consent ■ of parties, irrespective of the co-operation of the court, would " be totally inconsistent with its dignity, and with the true, orderly and congruous character of its records.
 

 Another difficulty in the course pursued in this case, is that the judgment of the Superior Court is ’not vacated, and but •'for a faithful adherence to some understanding of the parties, to the contrary, the case might be finally disposed of 'while we are considering in this Court the questions of law ■ said to be involved in it.
 

 We are of opinion the case should be 'dismissed from this Court, and this opinion certified to the Superior Court nf Row-‘wan, that it may proceed according to law.
 

 Per Curiam,
 

 Petition dismissed.